Donahue, J.
Section 5 of Article I of the Constitution of Ohio as amended September 3, 1912, provides that “The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury.” This amendment went into effect on the 1st day of January, 1913. It was not self-executing and required legislative action before it could become effective, and until the same became effective by legislative action litigants would be entitled' to the unanimous verdict of twelve jurors.
On the 6th day of February, 1913, the general assembly of this state amended Section 1*1455, General Code, by providing that “In all civil actions a jury shall render a verdict upon the concurrence of three-fourths or more of their number. The verdict shall be in writing and signed by each of such jurors concurring therein, * * * .” This act was approved by the governor of the state on the 12th day of February, 1913, and was filed in the office of the secretary of state February 13,1913. Under the provisions of Section lc of Article II of the Constitution, as amended in 1912, this law did not become effective until ninety days after it had 'been filed in the office of the secretary of state. The jury in this case was impaneled on the 6th day of May and its verdict returned into court on the 21st day of May, so that pending the trial of this cause *271 amended Section 11455, General Code, became the law of this state.
The general assembly of the state in adopting this amendment acted within the scope of its constitutional authority, and, therefore, if this case comes within the operation of that amendment, the charge of the common pleas court was right. This act of the general assembly is remedial in its nature and must be considered and construed in connection with Section 26 of the General Code, for so long as that section remains the law of Ohio all subsequent legislation must be construed in accordance therewith. That section reads as follows: “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
This act amending Section 11455, General Code, did not expressly provide that it should affect pending actions. It is clear, therefore, that it can have no application to this case, for this was not only a pending action, but the jury had been impaneled and the trial had proceeded for at least eight days before this law went into effect.
Our attention is called to the case of Warner v. Baltimore & Ohio Rd. Co., 31 Ohio St. 265, in *272 which case the first proposition of the syllabus is as follows: “Where a jury of twelve men was selected and summoned for the trial of a cause before a justice of the peace, under the act of March 30, 1875, and before the day set for trial this act was repealed by another, which provided for a jury of six men for such trials; Held, That the act in force at the time of the trial governed, and that the justice erred in submitting the cause to a jury of twelve men.” That was a pending case. The court held that the law reducing a jury in the justice’s court from twelve to six was constitutional because the constitutional provision in reference to the right of trial by jury does not apply to trials before justices of the peace, for the reason that on appeal to the common .pleas court litigants will be entitled to the full constitutional jury. This act in question is clearly constitutional, and so far the cases are parallel except that in this case the jury was actually impaneled before the law became effective, but we do not distinguish these cases on that ground, although we think that might be sufficient for the purposes of this case, but rather do we distinguish these cases upon grounds that are applicable to all cases pending at the time this law became effective.
At the time the case of Warner v. Baltimore & Ohio Rd. Co., supra, was decided, the act of February 19, 1866 (63 O. L., 22), was then the law of Ohio. That act read as follows: “That whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or crim *273 inal; nor causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.” This court held in that case that this section, as it then read, had no application to the repeal or amendment of statutes relating to the remedy; that remedies always had been subject to legislative control, except to the extent which the constitution has limited such control; that statutes relating to proceedings before justices of the peace were remedial in their nature ■and might be given or taken away at the pleasure of the legislature.
Since that decision, however, this section has been amended by adding thereto the following; “and when the repeal or amendment relates to the •remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed.” • This ■amendment clearly evidences the legislative intent to distinguish between statutes relating to the remedy arid statutes that do not relate to the remedy. Construed in the light of the decision of this court in the case of Warner v. B. & O. Rd. Co., supra, this statute now provides that the amendment or repeal of statutes that do not relate to the remedy shall not affect pending actions, prosecutions, or proceedings, civil or criminal, nor causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless it is otherwise expressly provided in the amending or repealing act. But, with reference to amendments or repeals of statutes that relate to the remedy, the provision is that such amendment or repeal shall not affect ‘pending ' actions, prosecutions, or proceedings, *274 unless so expressed. In view of the plain and positive provisions of the law, it follows that causes of action, prosecutions or proceedings existing at the time of the amendment or repeal of statutes relating to the remedy are not exempt from the operation of such amendment or repeal.
Section 11455, General Code, as amended February 6, 1913, does not expressly provide that pending actions, prosecutions, or proceedings shall be affected thereby. Construing this section then in connection with Section 26, General Code, it follows that this amendment does not apply to cases pending at the time it went into effect, and, therefore, the trial court erred in instructing the jury that a verdict might be rendered when concurred in by nine members, and erred in receiving a verdict signed by ten members of the jury.
Counsel call our attention to the fact that the several causes of action pleaded in the answer and cross-petition of plaintiffs in error arose in March and April, 1913, and after the amendment to the constitution went into effect. Section 11455, as amended, ho-wever, relates to the remedy only, and therefore does apply to all actions commenced in the common pleas courts of this state after the 14th day of May, 1913, regardless of the time when the cause of action arose.
The judgment of the circuit court must also be affirmed for another reason, for k is not important what reason the court gave for reversing the judgment of the common pleas court if in fact the reversal of the judgment was right for any reason. The journal entry in the court of appeals does not *275 refer to any other errors presented by the petition in error in that court except the question of the application of Section 11455, General Code, to this case, but in the opinion of that court, reported in 1 Ohio App., page 390, in the third paragraph of the syllabus it is held that the charge of the court was erroneous in reference to the measure of damages. The trial court charged the jury that the measure of damages was the difference in the value of the house of plaintiff and the value of the stock of goods of the defendant on the date of the exchange. The true measure of damages is the difference between the property as it was represented to be and its actual value at the time of the purchase, and for this reason, as well as the reason already given, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Shauck, Johnson, Wanamaker, Newman and Wilkin, TJ., concur.